**ROBINSON v. PHILIPS, Internal Revenue Collector.**

District Court, M. D. Pennsylvania.
May 19, 1930.

John H. Price, of Scranton, Pa., for plaintiff.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., and A. A. Vosburg, Asst. U. S. Atty., of Scranton, Pa. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Willard L. Hart, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for defendant.

JOHNSON, District Judge.

This is an action of assumpsit brought by the plaintiff, Phebe Carter Robinson, executrix of the last will and testament of Pulaski P. Carter, deceased, for the recovery of $1,-077.15, alleged to have been erroneously collected by the defendant as an estate tax on the estate of Pulaski P. Carter. A written stipulation, waiving a jury trial, having been filed, the case was tried before the court without a jury.

Following are the main facts of the case: Pulaski P. Carter died on April 8, 1922, and the plaintiff was appointed executrix of his estate. On July 15, 1922, the plaintiff filed an estate tax return with the defendant, showing estate tax of $1,621.19 to be due. Subsequent to the filing of this return, the Commissioner of Internal Revenue determined an additional estate tax of $2,254.09 to be due, making a total estate tax due of $3,875.28.

On May 20, 1923, the plaintiff filed a claim for abatement in the sum of $1,077.15 which was rejected November 21, 1923.

The total tax assessed, $3,875.28, was paid on December 6, 1923, with interest of $59.02.

On March 9, 1926, the plaintiff filed a claim for refund in the amount of $1,136.17, alleging as grounds for refund, first, that the Commissioner of Internal Revenue did not allow as a deduction from the gross estate, commissions allowed the plaintiff, as executrix by the orphans' court, and, secondly, that the value of certain notes of the decedent, payable to his children, were not allowed as deductions from the gross estate. On May 14, 1926, the Commissioner rejected the said claim for refund in its entirety, and this action is brought for its recovery.

It is agreed by counsel that the gross estate of decedent is $270,270.18 and that the executrix's fee, or commission allowed by the orphans' court of Pennsylvania in the amount of $15,768.15, should be deducted from the gross estate. Counsel for the defendant also admits and agrees to the deduction of $2,-520.44 which represented two notes given by the decedent for valuable consideration.

The amount originally allowed by the Commissioner of Internal Revenue as a deduction was $74,350.72 to which must be added both sums of $15,768.15 and $2,520.44 which counsel for the defendant had admitted on the record to be deductible, making a total admitted deduction of $92,639.31, leaving a balance of the estate of $177,630.87, for taxation.

The only question to be determined is whether certain notes given by the decedent during his lifetime to his children which remained unpaid at his death, but were paid by the plaintiff, and the payments allowed by the orphans' court should be deducted from the gross estate.

The plaintiff contends that the notes in question were given for consideration and were payable, and therefore are deductible from the gross estate. The defendant contends that the notes in question were without consideration and were not collectible, and therefore are not deductible.

This claim is made under the Revenue Act of 1921, §§ 402 and 403 (42 Stat. 278, 279), which provide as follows:

"Sec. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate. * * * *"

74

"Sec. 403. That for the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate—

"(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages upon, or any indebtedness in respect to, property (except, in the case of a resident decedent, where such property is not situated in the United States), losses incurred during the settlement of the estate arising from fires, storms, shipwreck, or other casualty, or from theft, when such losses are not compensated for by insurance or otherwise, and such amounts reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, or any estate, succession, legacy, or inheritance taxes. * * * "

The Negotiable Instruments Act of Pennsylvania of May 16th, 1901, P. L. 194 (Pa. St. 1920, § 15982 et seq.), provides as follows:

"Every negotiable instrument is deemed, prima facie, to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value. (1901, May 16; P. L. 194, § 24.)"

"Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time. (1901, May 16; P. L. 194, § 25.)"

"Absence or failure of consideration is matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise. (1901, May 16; P. L. 194, § 28.)" Pa. St. 1920, §§ 16012, 16013, 16016.

The only question remaining is whether the presumption of consideration has been rebutted by the evidence in this case. The defendant introduced no evidence in the case, and if the plaintiff had introduced no evidence, excepting the notes themselves, there would be no question left for decision; the court would be compelled to decide that the notes are presumed to be for consideration and are valid claims against the estate, and deductible.

The plaintiff herself offered some evidence—certain books of the decedent and her own testimony. The question here is whether such evidence offered by the plaintiff herself overcomes the presumption that the notes were given for a valuable consideration. The books offered in evidence merely show that the notes in question were given to the children; they do not indicate or show that the notes were given as presents and without consideration. The testimony of the plaintiff indicates that the notes were given to equalize the payments to the children, but the testimony does not show that the notes were not given for valuable consideration. If the notes were given to equalize the payments to the children, they still must have been given for valuable consideration as the notes themselves state and the law presumes. In other words, the testimony of the plaintiff is not sufficient to overcome the expressed statement in the notes and the presumption of the law that the notes were given for consideration.

It follows from this conclusion that the amount of all the notes is deductible and that the plaintiff is entitled to recover the sum of $1,077.15, as refund of the tax paid in this case.

The requests for findings of fact and conclusions of law with the court's answers are filed herewith and are made a part of this opinion.

And now, May 19, 1930, judgment is directed to be entered in favor of the plaintiff, and against the defendant in the sum of $1,077.15, with interest from December 6, 1923, and costs.